IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DIANNE JENKINS,

    Plaintiff,

v.                                                     Civil Action No. 5:08CV134
                                                                           (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

The plaintiff, Dianne Jenkins, filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. In this application, the plaintiff alleges disability since January 20, 2005, due to back, neck, and shoulder pain.

The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing was held on March 28, 2007, before an administrative law judge ("ALJ"). The plaintiff, represented by counsel, testified on her own behalf, as did a vocational expert ("VE"). On June 5, 2007, the ALJ issued a decision finding that the plaintiff was not under a disability within the meaning of the Act. The Appeals Council denied the plaintiff's request for review, thus making the ALJ's decision the final decision of the Commissioner. Thereafter, the plaintiff

filed the present civil action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security.

The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. On August 28, 2009, the magistrate judge entered a report and recommendation, recommending that the defendant's motion for summary judgment be granted, that the plaintiff's motion for summary judgment be denied, and that this case be stricken from the active docket of this Court. Upon submitting his report, Magistrate Judge Kaull informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. The plaintiff filed timely objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff filed

objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

### III. Discussion

In her motion for summary judgment, the plaintiff contends that the final decision of the Commissioner is not supported by substantial evidence. Specifically, the plaintiff argues that (1) the ALJ did not properly evaluate the plaintiff's impairment under Cook v. Heckler, 783 F.2d 1168 (4th Cir. 1986); (2) the ALJ minimized the plaintiff's back impairment by generalizing the plaintiff's multiple impairments and lumping them together as "mild degenerative disc/joint disease"; (3) the plaintiff was not afforded a fair and unbiased hearing; (4) the ALJ failed to follow the precepts of SSR96-7p; and (5) the ALJ's opinion is based on incomplete and inadequate hypothetical questions posed to the VE. The Commissioner contends that the plaintiff's arguments lack merit, and that substantial evidence supports the Commissioner's final decision that the plaintiff was not disabled on or before January 20, 2005.

Magistrate Judge Kaull issued a report and recommendation, in which he held that (1) substantial evidence supports the ALJ's finding that the plaintiff did not meet or equal a listing with respect to her claimed spinal and musculoskeletal conditions, and therefore, the ALJ appropriately proceeded with the correct analysis under the applicable case law; (2) substantial evidence

supports the ALJ's evaluation and conclusions regarding the longitudinal record in this case; (3) and substantial evidence support's the ALJ's inclusion of the plaintiff's ability to change positions briefly, as well as the other limitations he found in the hypothetical questions to the VE.

The plaintiff thereafter filed objections to the magistrate judge's report and recommendation. In these objections, the plaintiff argues that the ALJ's failure to consider and analyze the record in its entirety creates reversible error in the administrative proceedings.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

This Court has reviewed the record, as well as the parties' motions for summary judgment, and for the reasons set forth in the report and recommendation, concurs with the magistrate judge that the Commissioner's decision that the plaintiff was not disabled on

4

or before her last date insured is supported by substantial evidence. As Magistrate Judge Kaull states in his report and recommendation, the ALJ did not "sugar coat" his findings and conclusions. Nevertheless, this does not mean that the ALJ's findings were either incorrect or biased. Furthermore, there remains no evidence that the ALJ acted with bias or otherwise conducted an unfair hearing. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

## IV. Conclusion

Based upon a *de novo* review, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Thus, for the reasons stated above, the defendant's motion for summary judgment is GRANTED, and the plaintiff's motion for summary judgment is DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: September 16, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE